**William Morrill GILDAY, Jr., Petitioner,**

v.

**William F. CALLAHAN, et al.,
Respondents.**

Civ. A. No. 81–2886–Mc.

United States District Court,
D. Massachusetts.

Sept. 16, 1983.

William Morrill Gilday, pro se.

Linda Katz, Asst. Atty. Gen., Boston, Mass., for respondent Commonwealth.

## ORDER ON MOTION TO TAKE ORAL DEPOSITION OF PRISONER/WITNESS

JOYCE L. ALEXANDER, United States Magistrate.

This case was referred by Order of Reference. In this action brought under 28 U.S.C. § 2254, petitioner William Morrill Gilday appears *pro se,* and respondent Commonwealth appears by Linda Katz, Assistant Attorney General. In the instant motion, petitioner seeks to depose Robert Valeri, a co-defendant in petitioner's original state court trial. Petitioner asserts that said deposition is relevant to a habeas claim which alleges that Valeri perjured himself in exchange for a lenient sentence. Valeri has submitted an affidavit, however, in which he contends that no specific promises were made in return for his guilty plea, and that this plea was the extent of his cooperation with the prosecution.

Petitioner's motion, therefore, presents the rare question of whether a deposition can be taken in a habeas corpus proceeding. In most instances the broad mandate of

Federal Rules of Civil Procedure 26(b)(1) allows discovery as to any matter relevant to the subject matter of the pending action. This liberal standard is, however, severely curtailed when discovery is sought in habeas corpus cases. Under Rule 6 of the Rules Governing § 2254 cases, parties are permitted to invoke the processes of discovery available under the Federal Rules of Civil Procedure but only with leave of the Court and for "good cause" shown.[1] While this Court has found no subsequent cases which further interpret the "good cause" standard of Rule 6, the Supreme Court addressed this question in a case antedating the enactment of said Rule. In *Harris v. Nelson,* 394 U.S. 286, 89 S.Ct. 1082, 22 L.Ed.2d 281 (1969), the Court limited the use of the Federal Rules of Civil Procedure to those circumstances "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief." 394 U.S. at 300, 89 S.Ct. at 1091.

Moreover, the Advisory Committee Note of Rule 6 renders said Rule consistent with the strict and well reasoned interpretation supplied by *Harris.*

Thus, the precise question to be considered before discovery procedures can be invoked in the case *sub judice* is whether there is "good cause", that is, whether the deposition of Valeri would lead to relevant evidence regarding his petition for habeas corpus such that the court would have reason to believe he is confined illegally. Such a deposition would be relevant only to petitioner's claim that Valeri committed perjury when he testified at trial that no promises had been made in exchange for his testimony and plea. However, Valeri's affidavit merely reiterates the findings of fact made by the trial judge and affirmed by the Supreme Judicial Court of Massachusetts: that no such promises had been made. Because the facts petitioner seeks to dispute have already been resolved by the state court, deposing Valeri will not lead to relevant evidence for petitioner's habeas claim.

Accordingly, where petitioner's motion fails to proffer "good cause" to satisfy the requisites of Rule 6, a deposition is not mandated and the motion is hereby denied.

---

1. Although "good cause" was eliminated from F.R.C.P. 26 in 1970, it was expressly included in Rule 6 following § 2254 when the latter became effective in 1977.